# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| TY BOOK | § | |
| | § | |
| V. | § | C.A. NO. 1:14-CV-85 |
| | § | |
| BAKER HUGHES, INC., ET AL | § | |

### BAKER HUGHES INCORPORATED'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Baker Hughes Incorporated ("BHI") file this Motion for Summary Judgment, and in support thereof would show the following:

### SUMMARY OF THE ARGUMENT

This personal injury lawsuit arises from an alleged incident in which a trainee (Plaintiff) for a drilling company injured his hand during well operations. Plaintiff filed this lawsuit against BHI and the operator, Burk Royalty Company, Ltd. BHI, however, is a parent corporation that does not provide services or goods directly to customers and did not provide any services or products at the well site at issue. It is well-established that parent companies will not be held liable for the actions of their subsidiaries. For these reasons, BHI seeks summary judgment on all of Plaintiff's claims against it.

### FACTUAL BACKGROUND

Plaintiff claims that he sustained injuries while working for non-party Basin Drilling on the Ulrich #1 well in Houston County, Texas on May 10, 2012.[1] Co-defendant and well operator, Burk Royalty Co., Ltd. ("Burk") contracted with Basin

---

[1] See Exhibit 1- Plaintiff's Original Petition.

1

Drilling to drill a well or wells in search of oil and gas.  Burk also retained some services and products for the well from Baker Hughes Oilfield Operations, Inc.

Plaintiff claims that BHI "provided directional drilling equipment and was actually in charge of the well for Burk Royalty."[2]  BHI, however, is the parent corporation of BHOO.[3]  Specifically, BHOO is a California corporation that is wholly-owned by BHI.[4]  The two companies are separate legal entities.[5]

In light of this, BHI did not have any direct and/or substantial involvement with any of the work performed at the Ulrich #1 well.[6]  As a parent corporation, BHI does not provide services directly to customers.[7]  Burk Royalty did not hire or contract with BHI to provide any services at the well.[8]  Indeed, BHI did not and does not have any relationship, contractual or otherwise, with any of the parties involved in this suit.[9]

Plaintiff sued the wrong party with regard to the alleged incident and was advised of this in BHI's Original Answer as well as subsequent correspondence.[10]  To date, Plaintiff has not amended his pleadings to correct the error.

---

[2] *See* Exhibit 1- Plaintiff's Original Petition at paragraph III.
[3] *See* Exhibit 3- Affidavit of Melinda Harper.
[4] Id.
[5] Id.
[6] Id.
[7] Id.
[8] Id.
[9] Id.
[10] *See* Exhibit 2- BHI's Original Answer; *see also* Exhibit 4- BHI's 6/9/2014 correspondence regarding misidentification of parties.

## ARGUMENTS AND AUTHORITIES

A. **LEGAL STANDARD.**

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Issues of material fact are genuine only if they require resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).  To meet this burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "coming forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quotation omitted). Summary judgment should be granted only if the evidence indicates that a reasonable fact-finder could not find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248.

B. **BHI'S AFFIDAVIT OF MELINDA HARPER CONCLUSIVELY ESTABLISHES THAT IT IS A PARENT COMPANY OF BHOO, AND THEREFORE CANNOT BE HELD LIABLE FOR THE CONDUCT ALLEGED BY PLAINTIFF.**

A parent corporation generally has no duty to control its subsidiaries, and as a result courts will not disregard the corporate fiction to hold a parent company liable for the actions of its subsidiaries. *Abdel-Fattah v. Pepsico, Inc.*, 948 S.W.2d 381, 383 (Tex.App.—Houston [14th Dist.] 1997, no pet.)(*citing Lucas v. Tex. Indus.*, 696 S.W.2d

3

372, 374 (Tex. 1984). "[A]bsent a showing of wrongdoing on the part of the parent corporation, Texas courts have refused to make that entity liable for its subsidiaries torts." *Id*. at 384 (*citing Lubrizol vl Cardinal Construction*, 868 F.2d 767, 771 (5th Cir. 1989).

An essential element of a negligence claim is a showing that the defendant owed the plaintiff a legal duty. *Id*. at 383. Whether such a duty exists is a question of law that is to be decided by the court based on the facts surrounding the occurrence in question. *Id*. BHI's original answer and affidavit establish that BHI was a parent corporation of BHOO, and a separate legal entity.[11] As a separate legal entity that was neither hired by nor provided services at the well site as alleged by Plaintiff, BHI did not and does not owe any duty of care to Plaintiff. Further, Texas law will not impose a duty of care which may have been owed by a BHI subsidiary on BHI merely because it is a parent company. Accordingly, Plaintiff's negligence claims fail as a matter of law.

BHI informed Plaintiff that he had misidentified and served the wrong party in its Original Answer, as well as subsequent correspondence and conversations.[12] Misidentification occurs "when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 2014 U.S. App. LEXIS 3142 at *3, n.4 (5th Cir. 2014)(quoting *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999)). A misidentification does not toll limitations. *Id*.

---

[11] *See* Exhibits 2 and 3.
[12] See Exhibits 2 and 4.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, Baker Hughes Incorporated prays that this Court would grant its Motion for Summary Judgment and dismiss all of Plaintiff's claims against it with prejudice and for any further relief to which it shows itself entitled.

                                           Respectfully submitted,

                                           **LECLAIRRYAN**

By:     */s/ Staton M. Childers*
          **STATON M. CHILDERS**
          Federal Bar No. 20599
          State Bar No. 00796348
          1233 West Loop South, Suite 1000
          Houston, Texas  77027
          Telephone:  (713) 654-1111
          Facsimile:   (713) 650-0027
          Email:  Staton.Childers@leclairryan.com

OF COUNSEL:
LECLAIRRYAN

    **BRIANNE W. RICHARDSON**
    Federal Bar No. 713680
    State Bar No. 24056500
    1233 West Loop South, Suite 1000
    Houston, Texas 77027
    Telephone: (713) 654-1111
    Facsimile: (713) 650-0027
    Email: Brianne.Richardson@leclairryan.com

04847.124 / 1674886.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was forwarded to all attorneys of record by certified mail, return receipt request, hand delivery, fax and/or regular mail, on this the 29th day of August, 2014, as follows:

| | |
|---|---|
| Mr. Steven C. Barkley<br>ATTORNEY AT LAW<br>3560 Delaware, Suite 305<br>Beaumont, Texas 77706 | *Via Email: baylorlawyer@aol.com* |
| Mr. Marc. J. Wojclechowski<br>Mr. Chris Paugh<br>WOJCIECHOWSKI & ASSOCIATES, P.C.<br>17447 Kuykendahl Rd, Suite 200<br>Spring, TX 77379 | *Via Email: marc@wojolaw.com*<br>*Via Email: chris@wojolaw.com* |

                                                  */s/ Staton M. Childers*
                                                  STATON M. CHILDERS

04847.124 / 1674886.1